UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:25-CV-366 SRW |
| WEINGART CARE FIRST VILLAGE, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented Plaintiff Cedric Greene for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Upon consideration of the financial information provided with the motion, the Court finds Plaintiff is unable to pay any portion of the filing fee. As a result, Plaintiff will be granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Additionally, for the reasons discussed below, this case will be dismissed for improper venue. *See* 28 U.S.C. §§ 1391(b), 1406(a).

**Background**

In the past month, Plaintiff has filed a total of nine cases in this Court, one of which has already been dismissed for lack of subject matter jurisdiction and venue. *See Greene v. Rite Aid – Culver City*, No. 4:25-CV-300-SRW (E.D. Mo.) (filed Mar. 10, 2025, dismissed Mar. 27, 2025); *Greene v. Dudek*, No. 4:25-CV-270-SRW (E.D. Mo. Filed Mar. 5, 2025); *Greene v. Weingart Care First Village*, No. 4:25-CV-304-RWS (filed Mar. 11, 2025); *Greene, et al. v. MV Transportation*, No. 4:25-CV-312-SPM (filed Mar. 12, 2025); *Greene v. Astrana Health*, No. 4:25-CV-323-SRC (filed Mar. 13, 2025); *Greene v. Access Services, Inc.*, No. 4:25-CV-334-SPM (filed

-1-

Mar. 18, 2025); *Greene v. 430 South Los Angeles Street, LLC*, No. 4:25-CV-341-RWS (filed Mar. 19, 2025); and *Greene, et al. v. Weingart Care First Village*, No. 4:25-CV-385-JSD (filed Mar. 26, 2025).

The Court is aware that several other federal courts have already imposed filing restrictions on Plaintiff. *See Greene v. Sprint Nextel Corp.*, 2018 WL 4520112, at *4 & n.3 (10th Cir. Sept. 20, 2018) (noting filing restrictions imposed in the Tenth Circuit, Ninth Circuit, District of Kansas, District of Utah, Central District of California, and District of Nevada). In 2024, it was estimated that Plaintiff had filed more than three hundred cases in federal courts throughout the country. *See Greene v. United States*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).

**The Complaint**

Plaintiff's complaint indicates he is attempting to bring the instant action against Defendant Weingart Care First Village in the United States District Court for the Eastern District of Missouri because the "Eastern District of Wisconsin rejected this proposed case on February 27, 2025 due to the Seventh Circuit Court of Appeals barring Greene from filing papers with any district court in their circuit." ECF No. 1 at 5.

Within the section of the form complaint designated to list the parties, Plaintiff asserts he is a resident of Los Angeles, California and Defendant Weingart Care First Village is located in the same city and state. *Id.* at 2. He claims he is bringing this action pursuant to federal question jurisdiction, but does not cite to any federal statutes, federal treaties, or provisions of the United States Constitution. *Id.* at 3. Plaintiff leaves the section to assert diversity jurisdiction blank. *See id.* at 3-4.

As for his statement of claim, Plaintiff indicates that he resided at Defendant Care First Village. *Id.* at 5. He seeks monetary damages for Defendant's alleged failure to take action against his next-door neighbor who played music too loudly during "quiet time" and made threats to Plaintiff's safety on several occasions. *Id.* at 5-6.

## Discussion

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Plaintiff has alleged no basis for venue being proper in this Court. Plaintiff makes no allegation of an act or omission occurring within the jurisdictional boundaries of this Court, nor does Plaintiff allege that he or the Defendant resides within this district. None of the requirements of § 1391 are present in this case. Accordingly, venue in the Eastern District of Missouri is not proper.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought. In this case, the Court cannot transfer this action because, on Friday, February 21, 2025, the Seventh Circuit barred him from filing any papers with any district court in the circuit by ordering that any filings be returned to Plaintiff unfiled until he pays a monetary sanction. *See Greene v. St. Nicholas Med. Grp.*, No.

24-3268 (7th Cir. Feb. 21, 2025). As such, the Court will dismiss this action for lack of proper venue.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Cedric Greene's motion for leave to commence this civil action without prepayment of the required filing fee [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 31st day of March, 2025.

*[signature]*

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE